ALFRED FAGGIONI, BY LOUIS FAGGIONI, HIS NEXT FRIEND, AND LOUIS FAGGIONI, INDIVIDUALLY, PLAINTIFFS, v. ALEXANDER WEISS, DEFENDANT.

Decided August 10, 1926.

**Negligence—Motor Vehicle Accident—Injury to Growing Boy— Four Trials—Last One Resulted in Verdict Here Appealed From on Ground, First, That it was Against Weight of Evidence; Second, Contrary to Credible Testimony; Third, Error in Refusal to Charge as Requested—Rule Discharged.**

On rule for new trial.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *James D. Carpenter, Jr.*

*Contra, Thomas Brown.*

PER CURIAM.

Alfred Faggioni, a lad of about eleven years of age, was injured while riding in an automobile of the defendant upon the Perth Amboy bridge. The injuries were caused by a collision between the car in which he was riding and that of one Schenck, and such injuries resulted in the necessity of amputating one leg above the knee.

The verdict in favor of the boy is $10,000, and that in favor of the father is $1,000.

Suit was first brought against Schenck alone, and upon the trial thereof a juror was withdrawn and a mistrial directed so that Weiss might be joined as a defendant.

The result of the next trial was verdicts against Weiss only, in favor of the boy for $15,000 and the father for $3,000. Upon a rule to show cause it was urged that the verdicts should be set aside, because they were against the weight of the evidence, contrary to the testimony of the plaintiff as to the manner of the happening and against the weight of the whole evidence; that the verdict in favor of Schenck should be set aside because not justified by the proofs and because the verdicts were excessive. The Supreme Court discharged the rule. Upon appeal, upon exceptions reserved under the rule to show cause, the Court of Errors and Appeals reversed the judgment for errors in the charge of the trial court.

The cause then again came on for trial, and the plaintiffs again obtained verdicts; the boy for $1,000 and the father for $500. Upon a plaintiff's rule these verdicts were set aside as being inadequate.

The fourth trial resulted in the verdicts before mentioned, and toward which the present rule is directed.

The reasons urged why these verdicts should be set aside are—

1. That they are contrary to the weight of the evidence.

2. They are contrary to the credible testimony.

3. Because the trial judge erred in refusing to charge defendant's twelfth request to charge.

The request to which this third reason is directed was—

"(12) If the jury finds from the evidence that the plaintiff has changed his testimony in material respect on this trial from what it was on one or more preceding trials concerning the same accident, you may infer from that circumstance that this case is not an honest one, and if you so find, your verdict should be no cause of action."

This request was not proper. There was testimony aside from that of the plaintiff which the jury might have found to be true, and so finding would warrant their verdicts. Aside

from this we find that the trial court charged properly and fully upon this point.

We find that the verdicts are not against the weight of the evidence and should, therefore, not be disturbed for reasons one and two.

The rule to show cause will therefore be discharged.